**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
NICHOLAS BERNHARD, RALPH NATALE,
KIRK CONAWAY AND ROY KOHN, as
TRUSTEES OF THE IBT LOCAL 868
PENSION FUND and THE IBT LOCAL 868     **SHORT ORDER**
PENSION FUND,                          10-cv-4128 (ADS)(GRB)

                Plaintiff,

                -against-

COUNTRY FORD LTD. d/b/a/ COUNTRY
FORD d/b/a COUNTRY FORD MOTORS,
d/b/a COUNTRY MOTORS, LTD, VINCENT
CARUSO, MICHAEL JACOBY, and DAVID
JACOBY

                Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**Campbell & Associates, P.C.**
*Attorneys for the Plaintiff*
The Landmark Building
99 Tulip Avenue, Suite 404
Floral Park, NY 11001
    By:   Daniel T. Campbell, Esq.
           Susan M. Bruno, Esq., of Counsel

**Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Einiger, LLP**
*Attorneys for the Defendants Michael Jacoby and David Jacoby*
1111 Marcus Avenue, Suite 107
New Hyde Park, NY 11042
    By:   Harry Chris Demiris, Esq., of Counsel

**NO APPEARANCE**

**Country Ford LTD**

**Vincent Caruso**

**SPATT, District Judge.**

On February 2, 2012, the Plaintiffs informed the Court that one of the defaulting Defendants, Vincent Caruso, passed away on January 18, 2012. The Plaintiffs indicated their intent to look to Mr. Caruso's estate to satisfy the judgment. On February 18, 2012, this Court issued an Order stating that it could not continue with an inquest as to damages against Vincent Caruso until the Plaintiffs followed proper procedures to substitute an appropriate party pursuant to Federal Rule of Civil Procedure 25 (a).

On March 20, 2012, the Plaintiffs filed a correspondence with this Court "intended as a letter motion for permission to substitute the Estate of Vincent C. Caruso in place of named defendant Vincent Caruso." (Docket Entry No. 43.) The Plaintiffs further informed the Court that:

> Plaintiffs believe that the appropriately substituted defendant would be Mr. Caruso's estate. However Mrs. Caruso had advised that no estate is to be opened by her or any member of Mr. Caruso's family. Plaintiffs are preparing to file a petition for limited administration of Mr. Caruso's estate so that they may seek satisfaction of their judgment. This petition has not yet been filed as Plaintiffs are awaiting a certified copy of Mr. Caruso's death certificate as required by the Nassau County Surrogate's Court.

As an initial matter, a motion to substitute a party cannot be made until after a formal written statement of fact of death has been filed with this Court and served on the involved parties. Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 469–70 (2d Cir. 1998); Int'l Cablevision, Inc. v. Sykes, 172 F.R.D. 63, 66 (W.D.N.Y. 1997) ("In the present case, [a] letter to the court and [opposing counsel] did not constitute a formal suggestion of death. First, [the] letter was not properly served on opposing

counsel and filed with the court according to the requirements of Rule 5. On its face, the letter is an informal notification of the death . . . ."); Moore's Federal Practice § 25.13[1], [2][b] (3d ed. 2008) (Rule 25 "implies that the statement noting the death of a party . . . must be a formal, written document that is both served on the appropriate persons and filed with the court."). <u>see also</u> Fed. R. Civ. P. 25(a)(3) ("A statement noting death must be served in the same manner" as a motion to substitute, which "must be served on the parties as provided in Rule 5.").

Moreover, when determining a motion to substitute a party, a Court must decide not only whether the motion is timely and whether the movant's claims have not been extinguished by the death, but also whether the movant proposes a proper party for substitution. <u>See Roe v. City of New York</u>, No. 00 Civ. 9062, 2003 WL 22715832, at *3 (S.D.N.Y. Nov. 19, 2003). The Plaintiffs' stated intention to attempt to substitute "the Estate of Vincent C. Caruso" in place of Vincent C. Caruso is deficient. "The estate of a deceased party is not a proper party under Rule 25. . . . A proper party under Rule 25 must be a legal representative of the deceased." <u>J.K. v. Springville-Griffith Inst. C. Sch. Dist. Bd. of Educ.</u>, No. 02 Civ. 765, 2005 WL 711886, at *5 (W.D.N.Y. March 28, 2005). For example, proper parties would include "either (1) a successor of the deceased party — a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party — a person lawfully designated by state authority to represent the deceased's estate." <u>Roe</u>, 2003 WL 22715832, at *2.

Accordingly, the Plaintiffs' letter motion to substitute a party is denied without prejudice.

**SO ORDERED.**

Dated: Central Islip, New York
March 23, 2012

                                                      ___*/s/ Arthur D. Spatt*____
                                                         ARTHUR D. SPATT
                                                     United States District Judge