UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RALPH NATALE, KIRK CONWAY, ROY KOHN,
and DAVID PEREZ, as TRUSTEES OF THE IBT
LOCAL 868 PENSION FUND and THE IBT
LOCAL 868 PENSION FUND

                                                 Plaintiffs,

        -vs.-

COUNTRY FORD LTD. d/b/a COUNTRY FORD,
COUNTRY FORD MOTORS, and/or COUNTRY
MOTORS, LTD, and MICHAEL CARUSO, as
Executor of the Estate of Vincent Caruso,

                                                 Defendants.
----------------------------------------------------------------X

SHORT ORDER
10-cv-4128 (ADS) (GRB)

FILED
CLERK

9/19/2013 10:34 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

**Campbell & Associates, P.C.**
*Attorneys for the Plaintiffs*
The Landmark Building
99 Tulip Avenue, Suite 404
Floral Park, NY 11001
        By: Daniel T. Campbell, Esq.,
           Susan M. Bruno, Esq., Of Counsel

**NO APPEARANCES:**

**Michael Caruso**
**Country Ford Ltd. d/b/a Country Ford d/b/a Country Ford Motors d/b/a Country Motors, Ltd.**


**SPATT, District Judge.**

      This action was commenced by the Plaintiff Funds on September 7, 2010 to compel the

Defendants to pay withdrawal liability assessed against the Defendant Country Ford LTD d/b/a

Country Ford, Country Ford Motors, and/or Country Motors, LTD ("Country Ford") pursuant to the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145, and 1451, in

the amount of $92,435.00. On November 3, 2010, the Clerk of the Court noted the defaults of the

Defendants Vincent Caruso and Country Ford. On February 25, 2011, the Court entered a default

judgment against Vincent Caruso and Country Ford and referred the matter to United States Magistrate Judge Arlene R. Lindsay for an inquest as to damages (Docket Entry ("DE") [13]).

However, after Vincent Caruso passed away on January 18, 2012, the Court entered an order denying without prejudice the motion for a default judgment as against him and Country Ford (DE [42]).  In this regard, the Court, in effect, vacated its prior entry of a default judgment against Vincent Caruso and Country Ford.

By order dated October 6, 2012, the Court directed that Michael Caruso, as executor of the estate of Vincent Caruso, ("Michael Caruso") be substituted in place of Vincent Caruso in this action and that the Plaintiff file an amended complaint.  On November 29, 2012, the Plaintiffs filed an amended complaint against Michael Caruso and Country Ford.  On February 13, 2013, the Clerk of the Court noted the default of the Michael Caruso as to the amended complaint.  Thereafter, on February 28, 2013, the Plaintiffs moved for a default judgment against Michael Caruso, but not Country Ford.

On April 18, 2013, the Court referred the matter to United States Magistrate Judge Gary R. Brown for a recommendation as to whether a motion for default judgment should be granted against Michael Caruso, and if so, to determine what relief is appropriate.  On August 28, 2013, Judge Brown issued a Report recommending that a default judgment be entered against Michael Caruso and that the Plaintiffs be awarded the aggregate sum of $163,617.04, which includes $92,435.00 in withdrawal liability, $26,211.02 in interest, $26,211.02 in liquidated damages, $510.00 in legal costs, and $18,250.00 in attorney's fees, as against all defendants, including Country Ford.  The Report and Recommendation and the Plaintiffs assume that the prior default judgment entered on February 25, 2011 against Country Ford remains in effect.  Thus, the Report and Recommendation did not recommend issuance of a default judgment against Country Ford.  To date, no objection has been filed to Judge Brown's Report and Recommendation.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

"To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

In this case, as an initial matter, the Court finds that the Report erroneously assumes the prior existence of a default judgment as against Country Ford. On February 18, 2012, the Court specifically held that the Plaintiffs' motion for default judgment as against Vincent Caruso and Country Ford was denied without prejudice and directed the Plaintiffs to refile their motion once the proper procedures for substitution had been made. Nonetheless, when renewing its motion, the Plaintiffs only moved for a default judgment as against Michael Caruso, not as against Country Ford.

As such, at this time, the Court may only consider the Report's findings as it pertains to Michael Caruso. In this regard, the Court has reviewed Judge Brown's Report and finds it to be persuasive and without any material legal or factual errors. Accordingly, there being no objection to Judge Brown's Report, the Court adopts the Report's recommendation that a default judgment be entered against Michael Caruso.

However, the Court declines to consider the Report's recommendation as to damages until this case is resolved as to Country Ford. To that end, the Plaintiffs are directed to renew their motion for default judgment as against Country Ford.

In sum, it is hereby:

**ORDERED,** that the Clerk of the Court is directed to enter a default judgment against the Defendant Michael Caruso, as Executor of the Estate of Vincent Caruso; and it is further

**ORDERED**, that the Plaintiffs renew their motion for a default judgment against Country Ford within 20 days of the date of this order; and it is further

3

**ORDERED**, that the Court declines to adopt the Report and Recommendation as to damages as this time and shall only consider the Plaintiffs' motion for damages after the case is resolved as against all the Defendants.

**SO ORDERED.**

Dated: Central Islip, New York
September 19, 2013

                                            ____*Arthur D. Spatt*_____
                                              ARTHUR D. SPATT
                                            United States District Judge